IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENE A. TAAKE, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 06-579-GPM |
| COUNTY OF MONROE, a Body Corporate and Politic of the State of Illinois, | ) |
|       Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter came before the Court on March 5, 2007, for a hearing on a motion for summary judgment filed by Defendant (Doc. 16). For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff, Gene A. Taake (hereinafter "Taake"), wanted to buy a piece of property in Monroe County, Illinois. The property was offered for sale by the County of Monroe, a Body Corporate and Politic of the State of Illinois (hereinafter "the County"), in July 2005. The terms of the offering were set forth in a document titled "County of Monroe Care and Rehabilitation Center Illinois Avenue – Waterloo, IL, Conditions of the Offering for Sale," which is attached as an exhibit to the complaint. Paragraph 8 of the offer states as follows:

> This property is being offered under its current zoning classification of the City of Waterloo, IL. That zoning classification is R-1 Single Family Residential. No Offer will be considered that is contingent on the change in Zoning or a land use action by the City of Waterloo unless the Offeree so states that intension [sic] on the "OFFERING FORM" and within five (5) days of notice of preliminary acceptance

> of the offer by the County, a $25,000.00 bond or irrevocable letter of credit shall be posted by the Offeree. If the zoning change is not approved by the City of Waterloo within 90 days of the initial bond letter or letter of credit issuance the principal amount of $25,000.00 shall be paid to the County of Monroe as damages due the delays in the sale process and related administrative process.

(*See* Doc. 2, Ex. A, para. 8.)

On or about August 10, 2005, Taake submitted a bid to purchase the property. A copy of his offer, titled "Offer to Purchase – Monroe County Care Center Property Located at 500 Illinois Ave., Waterloo, IL," is also attached to the complaint. Taake's offer was the only one submitted at that time.

Taake alleges that the offer was accepted on August 24, 2005; the County denies that the offer was ever accepted. Instead, according to the County, on August 24, 2005, the County Board voted to waive the bond requirement and allow Taake 90 days to complete the rezoning process. Taake never obtained a zoning change. On November 21, 2005, the County voted to terminate the waivers of conditions in the offering and reinstate the original terms of the bid. On February 21, 2006, the County Board voted to reject Taake's bid, and the property was sold to the City of Waterloo and the Waterloo Community Fire Protection District.

Taake filed this action against the County on July 26, 2006. The complaint seeks to recover damages under 42 U.S.C. § 1983, alleging that the County, acting under color of state law, deprived Taake of procedural and substantive due process when it sold the property to the City of Waterloo and the Waterloo Community Fire Protection District (Count One). Taake also seeks breach of contract damages (Count Two), specific performance (Count Three), and a preliminary injunction enjoining the County from transferring the property (Count Four).

#### DISCUSSION

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In considering a summary judgment motion, a court must review the entire record and draw all reasonable inferences in the light most favorable to the non-moving party. *See NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Enquip, Inc. v. Smith-McDonald Corp.*, 655 F.2d 115, 118 (7th Cir. 1981). On summary judgment a court may not make credibility determinations or weigh the evidence, because these are tasks for a factfinder. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994). In evaluating a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

The first question in this case is simply whether a valid contract was formed. This is a question of law appropriate for disposition by summary judgment. *See Giannetti v. Angiuli*, 635 N.E.2d 1083, 1089 (Ill. App. Ct. 1994); *Jones v. Seiwert*, 518 N.E.2d 394, 396 (Ill. App. Ct. 1987). In the absence of a valid contract for the sale of the property, the County cannot be found to have deprived Taake of any constitutional right, and the state law claims for breach of contract, specific performance, and injunctive relief would fail in turn.

"Formation of a contract requires an offer, acceptance, and consideration." *Felzak v. Hruby*, 855 N.E.2d 202, 221 (Ill. App. Ct. 2006), *citing La Salle Nat'l Bank v. Vega*, 520 N.E.2d 1129 (Ill. App. Ct. 1988). In this case there is an offer – Taake's bid to purchase the property which was

submitted in August 2005. But this offer was never accepted by the County. Courts in Illinois have routinely held that submission of a bid on a municipal contract is an offer only. *See, e.g., Automatic Voting Mach. Corp. v. Daley*, 100 N.E.2d 591, 597 (Ill. 1951); *Hassett Storage Warehouse, Inc. v. Board of Election Comm'rs for the City of Chicago*, 387 N.E.2d 785, 793 (Ill. App. Ct. 1979). A contract is not formed until the municipality passes a resolution and executes a written contract. *Id.* Here, it is undisputed that the County never passed a resolution or signed anything.

The Court finds it unnecessary to go down the path painted by the parties and talk about conditions precedent, creation of an oral contract, and compliance with the statute of frauds. The Court also refuses to hold the County to a purported contract which Taake says was implicitly and/or impliedly accepted by the County Board. If the offer had been accepted, formal acceptance would be reflected in the minutes. At most, those minutes reflect that the County gave Taake a chance to pursue rezoning with the City of Waterloo before it would act on his offer. This is not acceptance. The County is entitled to judgment as a matter of law on all claims.

## CONCLUSION

In conclusion, Defendant's motion for summary judgment (Doc. 16) is **GRANTED**, and Plaintiff's claims are **DISMISSED on the merits**. The parties shall bear their own costs. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 03/09/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge